956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMERICAN CASUALTY COMPANY; National Surety Corp;
Industrial Indemnity Company; U.S. Fire Insurance Company;
The Indiana Automobile Insurance Plan; The California
Automobile Assigned Risk Plan, Plaintiffs-Appellants,
v.
TRANSPORTATION SERVICES, INC.; James Beck; Cindy Stine
Izzo; Allan Campbell; James Hutchinson; Jim Lynch; Tommy
Spivey; IMC, Inc.; Wayne Collier; Barney L. Kielmeyer;
Ohio State Service Agency; Olympic Express, Inc.; Barton
Friend; H. Robert Schroeder, Defendants-Appellees.
 No. 90-56370.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Feb. 14, 1992.
 
 Before SNEED, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 American Casualty Company and five other insurance carriers ("Insurers") appeal the dismissal with prejudice of their federal and pendent state claims against Olympic Express, Inc.[1] and two of its officers, H. Robert Schroeder and Barton Friend. We vacate the district court's dismissal order and remand for further explanation of the basis for the court's order.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 In April 1988, the Insurers filed a complaint against twenty-seven insurance agents, agencies, transportation and insurance consultants, and trucking companies. Appellees were among the named defendants. The Insurers alleged that the defendants had conspired, through the creation of a complex series of sham leasing and agency agreements, to divert money in premiums and expose the Insurers to millions of dollars of potential liability. The first amended complaint included counts for RICO violations, state civil fraud, injunctive relief, state statutory racketeering violations, and declaratory and injunctive relief under the Motor Carrier Safety Act and the Interstate Commerce Act.
 
 
 4
 Olympic subsequently moved to dismiss the complaint as to itself, on the grounds that the counts for RICO violations and state civil fraud were not stated with particularity as required under Fed.R.Civ.P. 9(b), that the request for injunctive relief was unavailable under RICO, and that the last two counts did not state claims pursuant to which relief could be granted under Fed.R.Civ.P. 12(b)(6). At a hearing held July 16, 1990, the district court dismissed with prejudice the Insurer's request for injunctive relief, and dismissed without prejudice the remaining four counts. The court gave the Insurers twenty days to amend their complaint. It issued no findings of fact or conclusions of law.
 
 
 5
 The Insurers did not attempt to amend their complaint. Instead, on August 17, 1990, they filed a complaint against Olympic in Indiana state court. This complaint alleged only state law claims.
 
 
 6
 On August 10, 1990, at the expiration of the twenty-day amendment period, Olympic submitted to the district court a proposed order to dismiss with prejudice the Insurer's entire complaint as to Olympic. The district court issued an order to show cause why the dismissal should not be granted, and the Insurers timely filed a motion in opposition to the proposed dismissal. On August 28, 1990, the district court rejected the Insurers' motion and adopted Olympic's proposed order. The only reason given for the dismissal was the Insurers' failure to amend within the allotted twenty-day period. The district court denied the Insurers' subsequent motion to amend the judgment, and this appeal followed.
 
 II.
 JURISDICTION
 
 7
 We have jurisdiction under 28 U.S.C. § 1291. Olympic's contention that this court lacks jurisdiction because the Insurers failed to perfect a timely appeal is without merit. The Insurers filed their motion to amend the judgment within ten days of the district court's dismissal order, exclusive of weekends and the Labor Day holiday. Fed.R.Civ.P. 6(a). The Insurers' appeal was filed within 30 days of the district court's denial of the motion to amend the judgment. Fed.R.App.P. 4(a)(4).
 
 III.
 ANALYSIS
 
 8
 We treat Olympic's proposed order of August 10, 1990 as a motion to dismiss for failure to prosecute. Fed.R.Civ.P. 41(b). We review for abuse of discretion the district court's grant of this motion. Morris v. Morgan Stanley & Co., 942 F.2d 648, 650 (9th Cir.1991).
 
 
 9
 In ruling on a motion to dismiss for failure to prosecute, a district court is required to weigh several factors: the plaintiff's diligence, the trial court's need to manage its docket, the public interest in expeditious resolution of litigation, the availability of alternate sanctions, the risk of prejudice to defendants from delay, and the policy favoring disposition of cases on their merits. See id. at 651-52. Inasmuch as the district court offered scant explanation for its dismissal order, we cannot say whether the court properly balanced these factors. Nor does a palpable justification for dismissal with prejudice leap from the pages of the record. This is not a case in which the plaintiffs clearly have resorted to "dilatory and evasive tactics." Id. at 652. Although the Insurers' conduct may have the appearance of forum shopping, there is no indication in the record that the district court issued its dismissal order for any reason other than the Insurers' failure timely to come forward with an amended complaint. On the record before us, we cannot properly determine whether the district court's dismissal order constituted an abuse of discretion.
 
 
 10
 Our decision in Toyota Landscape Co., Inc. v. Building Material & Dump Truck Drivers Local 420, 726 F.2d 525, 528 (9th Cir.), cert. denied, 469 U.S. 825 (1984), does not provide a basis for affirming the district court's dismissal order. Toyota Landscape involved a district court's dismissal of a conspiracy claim for failure to amend. The conspiracy claim was but one among several raised against the named defendants, and the plaintiffs proceeded to trial on the remaining claims. Here, by contrast, the district court has dismissed all of the Insurers' claims against Olympic and through res judicata has foreclosed the possibility of the Insurers' proceeding to trial against Olympic in any forum.
 
 
 11
 Accordingly, we vacate the district court's order dismissing the Insurers' complaint. On remand, the district court, in a manner consistent with the foregoing opinion, shall issue a new order disclosing the rationale for its new order. We leave to the district court's sound discretion whether to exercise pendent jurisdiction over the Insurers' state law claims should it elect to dismiss the Insurers' federal claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966); Meyer v. California & Hawaiian Sugar Co., 662 F.2d 637, 640 (9th Cir.1981).
 
 
 12
 VACATED and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 During the pendency of this appeal, Olympic Express, Inc., filed a notice of bankruptcy with this court and the district court. As a result, these proceedings have been stayed as to the company, but still apply as to Barton Friend and H. Robert Schroeder. For convenience, Olympic, Friend, and Schroeder are collectively referred to herein as "Olympic."